UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:22-cv-06259-PA (MAR)**                                                  Date: October 10, 2023

Title:  *Rafael Martirosyan v. Deputy Nam et al*

Present: The Honorable:  MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Valerie Velasco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE WHY COUNSEL FOR DEFENDANTS SHOULD NOT BE SANCTION FOR FAILURE TO COMPLY WITH COURT ORDERS**

Plaintiff, who is incarcerated and proceeding pro se, has at least three (3) actions pending in this district.  See Rafael Martirosyan v. Baries et al ("Martirosyan v. Baries"), Case No. 2:21-cv-06433-PA-MAR; Rafael Martirosyan v. Deputy Nam et al ("Martirosyan v. Nam"), Case No. 2:22-cv-06259-PA-MAR; Rafael Martirosyan v. Hakopyan et al, Case No. 2:22-cv-1169.  In two (2) of those cases—Martirosyan v. Baries and Martirosyan v. Nam—the Court has essentially stayed the cases until service has been effected on all named Defendants, so that the Court could keep the docket organized and avoid having litigation advancing at different paces with respect to different Defendants.  This fraught process began on January 12, 2023; in its order, the Court explained how the confusion began when certain defendants appeared to fail to file a timely responsive pleading:

> Plaintiff's Second Amended Complaint ("SAC") names as Defendants: Mayor Eric Garcetti the City of Los Angeles ("City Defendants"); Sheriff Alex Villanueva and the Los Angeles Sheriffs Department ("County Defendants"); and several employees of the Los Angeles Sheriff's Department ("Individual Defendants").  The City and County Defendants have appeared in this action and have filed Motions to Dismiss.  Dkts. 77, 81.  In the interest of efficiency and to keep the docket organized, the undersigned has withheld tentative rulings on those Motions until the Individual Defendants appear, so that, if the Individual Defendants filed any Motions to Dismiss, the undersigned could address them all with one Report and Recommendation.[1]  However, the Individual Defendants have yet to appear.

> Though not entirely clear, it appears that at least some of the Individual Defendants have been served, and that the deadline for them to respond to the SAC has passed.  On July 27, 2022, the Court ordered the United States Marshal to effect service on all Defendants.  Dkts. 49–51.  Some of the summons for the Individual Defendants were returned unexecuted because there was not enough information to identify them.  Dkts. 68–71.  However, the Marshal indicated that several other Individual Defendants had signed waivers of service.  Dkts. 91–102.  Pursuant to Rule

---

[1] For these same reasons, the Court declines to rule on Plaintiff's Requests to Amend his SAC here.  The Court will address the Requests in a future Report and Recommendation regarding the Motions to Dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. **2:22-cv-06259-PA (MAR)** | Date: October 10, 2023 |
| Title: *Rafael Martirosyan v. Deputy Nam et al* | |

4 of the Fed. R. of Civ. P., individuals who waive service have 60 days from the date the request was sent to answer a pleading. Fed. R. of Civ. P. 4(d)(3). According to the submitted waivers, the requests were sent on August 4, 2022; however, the waivers were signed on various dates between September 20, 2022 and October 4, 2022, nearly 60 days after the request was sent. Dkts. 99–102. Furthermore, the waivers were not received by the Court until October 19, 2022. Id. Ultimately, the precise deadline for these Defendants to answer is unclear to the Court based on the record before it. In any case, the deadline has almost surely passed, since it has been far more than 60 days, even since the Court received the waivers.

To add to the confusion, in Plaintiff's Request for an Extension of Time for Serving Process, Plaintiff indicates that he has been in communication with counsel for County Defendants about service for the unserved Defendants. Dkt. 109 at 3. It is unclear whether the term "unserved defendants" includes only the unidentified defendants, or whether it also, for some reason, includes Defendants who have apparently submitted a waiver of service but have yet to appear. But in any case, it appears counsel for County Defendants may be representing some or all of the Individual Defendants, or at least assisting in effecting service on them.

Martirosyan v. Baries, ECF Docket No. ("Dkt.") 111. The Court ordered counsel for the County Defendants to file the first of many status reports regarding service. Id. In attempt to avoid this confusion in Plaintiff's other case, the Court eventually issued a similar order in Martirosyan v. Nam. Martirosyan v. Nam, Dkt. 37.

Over the past several months, the Court has issued multiple orders seeking status reports from counsel on the status of the identification of defendants and their willingness to waive service or allow counsel to accept service on their behalf. See Martirosyan v. Baries, Dkts. 123, 132, 137; Martirosyan v. Nam, Dkts. 46. Each order set definite deadlines for counsel to respond; however, counsel has continued to either respond late, or fail to respond at all. See Martirosyan v. Baries, Dkts. 123 (setting deadline for May 2, 2023), 124–25 (responding May 3), 137 (setting a deadline of September 26, 2023, which counsel has failed to meet); Martirosyan v. Nam, Dkts. 40 (noting counsel was over a month late in filing a status report regarding service and setting a new deadline of June 16, 2023), 41 (responding August 28, 2023), 46 (setting a deadline of October 6, 2023, which counsel has failed to meet). All the while, Plaintiff has been diligently pursuing service of the remaining defendants. See Martirosyan v. Baries, Dkts. 115–17, 126–28, 131; Martirosyan v. Nam, Dkts. 39, 45, 47.

Most recently, the Court ordered counsel to file a final status report on the status of the identification and service or waiver of service on the final unserved defendants. Martirosyan v. Baries, Dkt. 137; Martirosyan v. Nam, Dkt. 46. The deadlines set by the Court have passed, and counsel has yet to respond. As the Court has explained, Plaintiff will not be able to personally serve any remaining unserved defendants—this responsibility will fall to the U.S. Marshal, and thus,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:22-cv-06259-PA (MAR)**                                                                      Date: October 10, 2023

Title:     *Rafael Martirosyan v. Deputy Nam et al*

ultimately, to the court.  Furthermore, this process may take several months.  Accordingly, regardless of whether the remaining unserved Defendants have agreed to waive service/allow counsel to accept service on their behalf or refused or failed to respond to counsel's inquiries, counsel's confirmation is vital to moving these cases forward.

      Ultimately, though the Court appreciates counsel's assistance in identifying the named defendants in this action, counsel's failure to timely respond to the Court's inquiries has caused substantial delay in both of these actions.  Accordingly, counsel is hereby **ORDERED TO SHOW CAUSE** in writing, **on or before October 17, 2023**, why they have failed to timely respond to the Court's orders.  Counsel is cautioned that failure to timely respond to this Order may result in sanctions.

      **IT IS SO ORDERED.**

:
**Initials of Preparer**   vv